NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1526
_____

HAI WEN CHEN,
A/K/A Hi Wen Chen,
A/K/A Hi Wen Zhen,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA No. A089-708-310)
Immigration Judge:  Annie S. Garcy

_____

Submitted under Third Circuit LAR 34.1(a)
October 4, 2016

BEFORE:  SHWARTZ, GREENBERG, and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: November 21, 2016)
_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This matter comes on before this Court on Hai Wen Chen's petition for review of a decision and order of the Board of Immigration Appeals ("Board") dated September 17, 2015, dismissing Chen's appeal from an oral decision and written order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture and ordering Chen's removal from the United States. Chen explains in his brief that he entered the United States on December 6, 2009, "without being admitted or parole[d]." Petitioner's br. at 3. He further explains that he came from China and left that country "because he detested the despotic regime of the Chinese government." Id. at 4.

Chen does not contend, however, that he is entitled to relief because of the nature of the Chinese government. To the contrary, he explains in his brief that:

> During his stay in the United States, [he] received some Falun Gong flyers in [the] street. He began to have interest in Falun Gong and decided to learn to practice Falun Gong. [He] knew the Chinese government is cracking down [on] Falun Gong, since he is currently practicing Falun Gong, he is afraid that he would be persecuted if he were sent back to China.

Id. at 5-6 (citation omitted). Thus, he bases his claims not on what had happened to him in China but his alleged fear that Chinese government will persecute him if he returns to that country. As the Board explained, the IJ "found that the [petitioner] was not credible, and that he has not met his burden to establish that he is prima facie eligible for the relief he seeks." A.R. at 3. The Board dismissed the appeal from the IJ's decision because it held that:

> The Immigration Judge offered specific and cogent reasons for her finding that [petitioner] was not credible, including the omissions and

inconsistencies within his account, his vague testimony regarding his practice of Falun Gong, and the lack of evidence for his claim such as the absence of information about the person who[ ] took posed photographs of him practicing Falun Gong, his inability to identify any person outside his immediate family who is aware of his Falun Gong practice, and his witness's lack of knowledge for his claim that he attended Falun Gong activities in Washington, D.C. See I.J. at 9-15. She considered the totality of the circumstances, including the [petitioner's] age, mental condition, and organizational skills, in rendering her adverse credibility determination. Id. at 6-15; Thu v. Att'y Gen., 510 F.3d 405, 416 (3d Cir. 2007) (all the facts available in the record should be considered in a credibility determination). We note that an adverse credibility determination under the REAL ID Act may be based on testimony regardless of whether it goes to the heart of an applicant's claim. See section 208(b)(1)(B)(iii) of the Act; Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). We conclude that the Immigration Judge's adverse credibility finding is not clearly erroneous. See I.J. at 10-15; section 208(b)(1)(B)(iii) of the Act; 8 C.F.R. § 1003.1(d)(3)(i).

A.R. at 3-4. Petitioner then filed a timely petition for review with this Court.

The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and § 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b). Venue properly was laid in this Court because the proceedings before the IJ were completed in Newark, New Jersey, within this circuit. In considering the petition in this case, we review the record on a substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992); Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Thus, we determine if substantial evidence supports the decision under review. Though Chen's petition seeks review of a decision of the Board, inasmuch as the Board affirmed the IJ's adverse credibility finding with respect to petitioner's testimony on the basis of the IJ's analysis, we also are reviewing her decision. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). Finally, with respect to jurisdiction we observe that the respondent contends that

3

we lack "jurisdiction over Petitioner's claim that the [IJ] erred in finding his testimony not credible because he failed to exhaust this issue before the Board." Respondent's br. at 15.

After our review of this matter we have concluded that even setting aside respondent's jurisdictional argument and reviewing the entire record and considering all the issues petitioner raises, his petition for review is devoid of merit for the reasons the Board and the IJ set forth. In the circumstances, we cannot reject the IJ's and the Board's findings as we cannot say that no reasonable factfinder could have come to their conclusions. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004).

The petition for review will be denied. Costs taxed against the petitioner.